IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------------x
:
In re: : Chapter 11
:
LRGHEALTHCARE, : Case No. 20-10892 (MAF)
:
Debtor.[1] :
:
------------------------------------------------------------ x

## DECLARATION OF STEPHEN E. MILLER
## IN SUPPORT OF DEBTOR'S (A) CASH COLLATERAL MOTION
## AND (B) CASH MANAGEMENT MOTION.

I, Stephen E. Miller, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the Interim Chief Financial Officer of LRGHealthcare ("LRGHealthcare" or the "Debtor") as of October 20, 2020. In that capacity, I have become familiar with the Debtor's day-to-day operations, businesses, and financial affairs.

2. As Interim CFO, I am responsible for all aspects of the Debtor's business, including, operational matters, financial management and reports, and internal controls.

3. I submit this declaration in support of the *Debtor's Emergency Ex Parte Motion for Interim and Final Authority To Use Cash Collateral* (the "Cash Collateral Motion") [Dkt. No. 12] and *Debtor* and *Debtor's Emergency Ex Parte Motion for Entry of Interim and Final Orders, Pursuant to Bankruptcy Code Sections 105(a), 345(b), 363(c)(1), 364(a), 364(b), and 503(b)(1) and Bankruptcy Rules 6003 and 6004, (A) Authorizing Debtor to Use Existing Cash Management System, (B) Authorizing and Directing Banks and Financial Institutions to Honor*

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 2150. The address of the Debtor's headquarters is 80 Highland Street, Laconia, NH 03246.

1

*and Process Checks and Transfers, and (C) Authorizing Debtor to Use Existing Bank Accounts and Existing Business Forms* [Dkt. No. 16] (the "Cash Management Motion")[2]

4. Except at otherwise indicated, all the facts set forth in this Declaration are based upon my personal knowledge, upon information supplied to me by other members of the Debtor's management or professionals, upon information learned from my review of the relevant documents, or opinion based upon my experience and knowledge of the Debtor's operations and financial condition and my experience in the healthcare industry generally. If called as a witness, I could and would testify to the facts set forth in this Declaration.

5. I am familiar with the Debtor's business operations, including existing contracts, receipts, cost and expenses.

6. The Budget attached to the Motion shows the costs and expenses to be paid from the Petition Date through November 21, 2020 (the "Interim Use Period").

7. Based on my experience, the current business climate, circumstances, conditions and facts and the present assumptions supporting the projections provided in the Budget, (1) the Budget is fair, reasonable and only projects the use of cash collateral that is reasonably necessary to continue operations during the Interim Use Period and (2) it is reasonably likely based on historic performance that the Debtor will be able to meet and satisfy the Debtor's adequate protection obligations under the order approving the Motion during the Interim Use Period and (3) the use of cash collateral for the purposes shown in the Budget is necessary in order to avoid cessation of vital services and the provision of goods that are essential to allowing the Debtor to continue as a going concern, to minimize disruption, rebut any skepticism regarding the Debtor's

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

ability to operate as a going concern and to stabilize business operations after this bankruptcy case was commenced.

8. With respect to the Cash Management Motion, presently, none of the Debtor's Bank Accounts are maintained with an institution that has been designated as an Authorized Depository by the U.S. Trustee Guidelines. Notwithstanding, the forgoing, to the best of my knowledge, information, and belief these non-authorized depositories are well-capitalized, reputable and secure financial institutions and, therefore, the Debtor can maintain all of the Bank Accounts without jeopardizing the receipt of any payments from third-party payors.

9. Most of the Debtor's revenue is received from Medicaid, Medicare, and private insurance companies. It can take several months from the provision of services to when payment is received. If the Debtor were to alter its Cash Management System, it could do irreparable harm to the viability of the Debtor's operations.

10. Accordingly, I respectfully request that the Court grant all relief requested in the Cash Collateral Motion, Cash Management Motion, the other First Day Pleadings and such other and further relief as may be just.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 20, 2020

On behalf of LRGHealthcare as a debtor and debtor-in-possession

By: _____
Stephen E. Miller