IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
                                                    : Case No. 20-10892 (MAF)
LRGHEALTHCARE,                                      :
                                                    : Re: Docket No: 26
Debtor.[1]                                          :
                                                    :
--------------------------------------------------------------- x

**FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (A) APPROVING DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, AND (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE**

Upon Debtor's Emergency *Ex Parte* Motion Pursuant to Bankruptcy Code Sections 105(a) and 366(a) and Bankruptcy Rules 6003 and 6004 for Entry of Interim and Final Orders (I) Approving Debtor's Proposed Adequate Assurance of Payment to Utility Companies, and (II) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service [Dkt. No. 26] (the "Motion")[2], all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 2150. The address of the Debtor's headquarters is 80 Highland Street, Laconia, NH 03246.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4826-5793-2751.6

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as provided herein.

2. To the extent not already deposited, the Debtor shall, on or before the date which is twenty (20) days after the date of this Order, deposit $163,231.77 equal to the approximate aggregate cost for two weeks of Utility Services calculated from the cost of Utility Services over the past twelve months (the "Adequate Assurance Deposit"), into a newly created, segregated account (the "Utility Deposit Account"), for Utility Companies; provided, however, that upon the effective date of any plan of any chapter 11 plan in this chapter 11 case, without further order of this Court, the Utility Deposit Account shall be closed and all funds therein shall be immediately returned to the Debtor's estate (if not returned or applied sooner).

3. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make a request as required by section 366 of the Bankruptcy Code. All Utility Companies, including but not limited to those listed on **Exhibit 1**, shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of the Debtor's failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

4. The Debtor, in consultation with the Committee, may adjust the amount in the Utility Deposit Account or deposit the Adequate Assurance Deposit directly with a Utility Company (a) to account for the termination of Utility Services by the Debtor, (b) to account for the addition of parties to the Utility Services List, and (c) in accordance with the terms of any agreement between the Debtor and the affected Utility Company. In no event shall any Utility

2

4826-5793-2751.6

Company that is holding an Adequate Assurance Deposit be entitled to keep any Adequate Assurance Deposit to the extent such Adequate Assurance Deposit, when taken together with any other deposit held by such Utility Company, exceeds the aggregate value of such Utility Company's allowed administrative and priority claims in this chapter 11 case.

5. Notwithstanding anything else in this Order, the Debtor, after consultation with the Committee, may provide a Utility Company another form of security that is mutually agreed on between the Utility Company and the Debtor without further order of this Court.

6. The inclusion of any entity on, as well as any omission of any entity from the Utility Services List shall not be deemed an admission by the Debtor or the Committee that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor and the Committee reserve all rights and defenses with respect thereto.

7. The Debtor, in consultation with the Committee, is authorized to amend the Utility Services List to the extent the Debtor terminates the services of any Utility Company or identify additional Utility Companies and this Order shall apply to any such Utility Company that is added to the Utility Service List, except that Public Service Company of New Hampshire d/b/a Eversource ("Eversource") may not be added to the Utility Services List as it is exempted from the terms of this order.

8. The Debtor may terminate the services of any Utility Company and are authorized to immediately reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company.

9. The Debtor shall serve a copy of this Order upon any Utility Company added to the Utility Service List.

4826-5793-2751.6

10. The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

11. The requirements as set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waive.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated:  November 17, 2020

/s/ Michael A. Fagone
Michael A. Fagone
United States Bankruptcy Judge
District of New Hampshire (by designation)

4826-5793-2751.6